IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| PURNELL WILLIAMS, | : |
| | : Case No. 1:25-cv-00106-RP |
| Plaintiff, | : |
| | : (Judge Robert Pitman) |
| v. | : |
| | : |
| LNVN LLC; RESURGENT CAPTIAL SERVICES; BRIAN FALLERO; and SCOTT GUITIERREZ, | : |
| | : |
| Defendant(s). | : |

**DEFENDANT LVNV FUNDING, LLC'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant LVNV Funding, LLC ("LVNV"), mis-identified in Plaintiff's Complaint as "LNVN LLC," answers Plaintiff's Complaint as follows:

For each paragraph below, LVNV quotes Plaintiff's allegations and responds accordingly in bold.

### I.    INTRODUCTION

1. Plaintiff, Purnell Elliot Williams, is a Secured Party/Agent for the Estate of PURNELL ELLIOTT WILLIAMS, as represented by his UCC-1 Financing Statement, and is a non-citizen state national who has fully secured all rights over his legal fiction, including the use of his Social Security Number (SSN).

**ANSWER:  Admitted in part, denied in part.  LVNV admits that Purnell Elliot Williams filed this lawsuit.  The remainder of Paragraph 1 is sovereign citizen nonsense, and it is all denied. The contents of said paragraph violate Fed. R. Civ. P. 11.**

1

2. Defendants, LNVN LLC [sic], Resurgent Capital Services, Brian Fallero (President of LNVN LLC) and Scott E. Gutierrez [sic], have willfully violated Plaintiff's legal rights, including the misuse of Plaintiff's SSN and other identifying information, which Plaintiff has secured under common law copyright, a Commercial Security Agreement, and a UCC-1 Financing Statement.

**ANSWER: LVNV denies Paragraph 2 of Plaintiff's Complaint. The contents of said paragraph violate Fed. R. Civ. P. 11.**

## II.   JURISDICTION AND VENUE

3. This Court has jurisdiction under Title 28 U.S.C. §§ 1331 and 1332. The causes of action arise from Defendants' violations of Plaintiff's rights under federal law, including SSN privacy laws, UCC-1 security interests, and common law copyright protections.

**ANSWER: LVNV denies Paragraph 3 of the Complaint. Plaintiff has failed to plead under which federal statute he brings his claim(s) nor has he asserted that there is complete diversity of the parties. LVNV denies that Plaintiff suffered a concrete and particularized injury that would provide standing under Article III of the United States Constitution. LVNV further denies that it violated any laws or Plaintiff's rights.**

4. Venue is proper under 28 U.S.C. § 1391 because the Defendants do business in this district and a substantial part of the events giving rise to the claims occurred here.

**ANSWER: Denied; however, LVNV does not contest venue at this time.**

## III.   PARTIES

5. Plaintiff, Purnell Elliot Williams is a Secured Party/Agent for the Estate of PURNELL ELLIOTT WILLIAMS and resides at 14000 The Lakes Blvd #1237, Pflugerville, Texas 78660.

**ANSWER: At this time, LVNV lacks knowledge or information sufficient to form a belief as to as to Plaintiff's address. The remainder of Paragraph 5 is sovereign citizen nonsense, and it is all denied.**

6. Defendant, LNVN LLC, is a corporation with its principal place of business located at 355 S. Main St. Ste. 300-D, Greenville, SC 29601-2923. Defendant Resurgent Capital Services is a subsidiary of LNVN LLC.

**ANSWER: Denied.**

7. Defendant, Brian Fallero is the President of LNVN LLC and is personally named in this action due to his receipt of the Cease-and-Desist Notice and his failure to comply with the terms outlined therein.

**ANSWER: Denied.**

## IV.    FACTUAL ALLEGATIONS

8. Cease and Desist Notice:  Plaintiff sent an official Cease and Desist Notice to Mr. Brian Fallero, President of LNVN LLC, on or around August 2024 and Scott E. Gutierrez, CFO of LVNV LLC on or around May 2024, demanding that Defendants cease the reporting, use, or dissemination of Plaintiff's SSN and any unauthorized use of Plaintiff's collateral.  This notice was duly served via certified mail to the President of LNVN LLC, yet Defendants failed to comply with the notice.

**ANSWER: As worded, denied.**

3

9. Debt Verification: Plaintiff sent a Debt Verification Request to Scott E. Gutierrez, CFO for LNVN Funding LLC, on May 16, 2024, pursuant to the Fair Debt Collection Practices Act, 15 U.S. Code §1692g, requesting verification of the claimed debt. Despite this request, Defendants continued to report the debt and Plaintiff's SSN to third parties, violating Plaintiff's rights under federal law. The Defendants sent copies of the Plaintiff's credit card statements from his creditors and not a contract or debt with LNVN LLC.

**ANSWER:   As worded, denied.**

10. Violation of UCC-1: Defendants have used Plaintiff's SSN and other identifying information without authorization, in violation of the Plaintiff's secured property interests as established under Plaintiff's UCC-1 Financing Statement, which was filed in 2024.

**ANSWER:   Denied.**

11. Common Law Copyright Violation: Defendants' actions, including the unauthorized use of Plaintiff's legal fiction, personal identifiers, and SSN, constitute a violation of Plaintiff's common law copyright protections.

**ANSWER:   Denied.**

12. Damages to Credit Worthiness: As a direct result of Defendants' fraudulent actions, Plaintiff has suffered significant damage to his creditworthiness due to incorrect and fraudulent reporting to major credit bureaus. This violation has led to severe financial injury.

**ANSWER:   Denied.**

**V.   CLAIMS FOR RELIEF**

4

### *Count I – Violation of Cease-and-Desist Notice*

13.   Plaintiff realleges and incorporates by reference all prior paragraphs.

**Answer:   LVNV re-alleges and reincorporates all previous responses as if fully set out herein.**

14.   Defendants continued use of Plaintiff's SSN and reporting of fraudulent debts, despite receiving the Cease-and-Desist Notice, constitutes a violation of Plaintiff's legal rights under federal and state law.

**ANSWER:   Denied.**

### *Count II – Violation of UCC-1 Financing Statement*

15.   Plaintiff realleges and incorporates by reference all prior paragraphs.

**ANSWER:   LVNV re-alleges and reincorporates all previous responses as if fully set out herein**

16.   1Defendants' unauthorized use of Plaintiff's SSN and other collateral violates the Plaintiff's secured rights under the UCC-1 Financing Statement.

**ANSWER:   Denied.**

### *Count III – Violation of SSN Privacy Laws*

17.   Plaintiff realleges and incorporates by reference all prior paragraphs.

**ANSWER:   LVNV re-alleges and reincorporates all previous responses as if fully set out herein**.

18.   Defendants' unauthorized use, sale, or distribution of Plaintiff's SSN constitutes a violation of federal SSN privacy laws.

**ANSWER:   Denied.**

### *Count IV – Common Law Copyright Infringement*

5

19. Plaintiff realleges and incorporates by reference all prior paragraphs.

**ANSWER: LVNV re-alleges and reincorporates all previous responses as if fully set out herein.**

20. Defendants' unauthorized use of Plaintiff's legal fiction, personal identifiers, and SSN constitutes a violation of Plaintiff's common law copyright protections.

**ANSWER: Denied.**

## VI.    DAMAGES

21. As a result of the Defendants' actions, Plaintiff has sustained the following damages:

- **$15 million per month** from May 2024 to January 2025 for the violation of the Cease-and-Desist Notice and UCC-1 Financing Statement
- **$25 million** for the violation of Plaintiff's common law copyright
- **$50 million** for damage to Plaintiff's creditworthiness due to fraudulent reporting.

**ANSWER: LVNV denies denies that Plaintiff is entitled to any of the relief requested in Paragraph 21 of Plaintiff's Complaint.**

22. **Total Damages:** The total damages sought in this case are **$265 million**, which includes all damages outlined above for violations of the Cease-and-Desist Notice, UCC-1, SSN Privacy Laws, and Common Law Copyright.

**ANSWER: LVNV denies Paragraph 22 of Plaintiff's Complaint.**

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Award Plaintiff damages in the amounts outlined above, totaling **$265** million.

2. Issue an injunction requiring Defendants to cease and desist any further use of Plaintiff's SSN and legal fiction.

3. Award Plaintiff costs of litigation, including attorney's fees, if applicable.

4. Grant any other relief the Court deems just and proper.

**ANSWER:  LVNV denies it violated any laws or Plaintiff's rights and, therefore, denies that Plaintiff is entitled to any relief.**

### VIII.  JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

**ANSWER:   Plaintiff's jury demand does not require a response.**

### Affirmative and Other Defenses

1.     LVNV asserts the defense of setoff.  Plaintiff is indebted to it and that amount, and any associated interest, fees, or costs—whether originally sought to be collected or not—should be set off against any recovery that Plaintiff might obtain in this action.  Where two opposing claims arise out of separate transactions between the same parties, "setoff" is the equitable right of one party to offset their debt by the amount of its claim against the other party.  "The right of setoff (also called offset) allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18 (1995), *quoting Studley v. Boylston Nat'l Bank*, 229 U.S. 523, 528 (1913).

2. LVNV avers that Plaintiff has no actual damages as a result of any act, error, or omission of LVNV.

3. LVNV asserts that Plaintiff cannot copyright his name or Social Security number. *See Miles v. United States*, Nos. 14-416C, 14-417C, 14-418C, 14-419C, 14-420C, 2014 U.S. Claims LEXIS 1067 (Fed. Cl. Oct. 6, 2014), finding that such claims are frivolous.

4. LVNV avers that if Plaintiff suffered any damages (which LVNV denies), Plaintiff failed to mitigate those damages.

5. LVNV avers that it is entitled to the defense of unclean hands as those who come seeking equity must act with equity and Plaintiff has not done so.

6. Since Plaintiff has not suffered any actual damages, his individual recovery (to the extent that he is entitled to such recovery, which LVNV denies) is limited to statutory damages only.

7. LVNV asserts that an award of statutory damages in the absence of actual damages would exceed the limits of Constitutional due process. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003) and *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996).

8. To the extent that Plaintiff sustained any actual damages (which LVNV denies), such damages were due to the acts or omissions of other parties over whom LVNV had no control, including but not limited to Plaintiff.

9. Plaintiff is entitled to no damages for alleged violations of his UCC-1 Financing Statement because the Uniform Commercial Code has not been

adopted federally, and Plaintiff pleads no state law causes of action as to breach of contract.

10.   Upon information and belief, LVNV asserts that Plaintiff's claim of "Common Law Copyright Infringement" is preempted by federal law.  *See* 17 U.S.C. § 301.

Demand for Attorney's Fees

Defendant LVNV Funding, LLC asserts that it is entitled to its attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) because it believes that Plaintiff brought this action in bad faith and for the purpose of harassment.

LVNV requests that the Court also find Plaintiff to be a vexatious litigant and that it impose a pre-filing injunction that bars Plaintiff from filing any additional lawsuits without permission from the Court.

**WHEREFORE, PREMISES CONSIDERED,** Defendant LVNV Funding, LLC requests that judgment be entered in its favor and against Plaintiff, that Plaintiff takes nothing in this action and that the Court award Defendant LVNV Funding, LLC its reasonable attorney's fees and costs. Defendant further prays for a pre-filing injunction together with all such further relief, at law or equity, as the Court decides.

Respectfully submitted,

By:   /s/ Manuel H. Newburger
Manuel H. Newburger (attorney-in-charge)
State Bar No. 14946500
mnewburger@bn-lawyers.com
BARRON & NEWBURGER, P.C.
7320 N. MoPac Expy., Suite 400
Austin, Texas 78731

                                        Tel: (512) 476-9103
                                        Fax: (512) 576-9253
                                        Attorneys for Defendant LVNV Funding, LLC

Dated: February 27, 2025

## **CERTIFICATE OF SERVICE**

I certify that on February 27, 2025, a true copy of the foregoing document was served on all parties and counsel of record via CM/ECF.

                                  **BARRON & NEWBURGER, P.C.**

By:   /s/ Manuel H. Newburger
        Manuel H. Newburger (attorney-in-charge)
        State Bar No. 14946500
        mnewburger@bn-lawyers.com
        BARRON & NEWBURGER, P.C.
        7320 N. MoPac Expy., Suite 400
        Austin, Texas 78731
        Tel: (512) 476-9103
        Fax: (512) 576-9253
        Attorneys for Defendant LVNV Funding, LLC