IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PURNELL ELLIOTT WILLIAMS,<br>PLAINTIFF, | § § § § | |
| V. | § | CASE NO. 1:25-CV-00106-ADA |
| | § § | |
| LNVN LLC; RESURGENT CAPITAL<br>SERVICES; BRIAN FALLERO; and<br>SCOTT GUITIERREZ,<br>DEFENDANTS. | § § § § § | |

## ORDER

Before the Court is Defendants' Motion for Judgment on the Pleadings and the arguments of the parties with respect to such motion. The Court finds that the motion is meritorious and should be granted.

### I.     BACKGROUND

Plaintiff claims to be a Secured Party/Agent for the Estate of PURNELL ELLIOT WILLIAMS, and a non-citizen state national who has fully secured all rights over his legal fiction, including the use of his Social Security Number (SSN). ECF No. 1, Compl. ¶ 1. Plaintiff claims Defendants have "willfully violated Plaintiff's legal rights, including the misuse of Plaintiff's SSN and other identifying information, which Plaintiff has secured under common law copyright, a Commercial Security Agreement, and a UCC-1 Financing Statement." *Id.* ¶ 2.

Plaintiff's Count I alleges violation of cease-and-desist notice, and that Defendants' continued use of Plaintiff's SSN and reporting of debts after receiving Plaintiff's cease-and-desist notice constitute a violation of his legal rights under federal and state law. *Id.* ¶¶ 13-14. Count II alleges violation of UCC-1 Financing Statement, as Defendants' unauthorized use of

Plaintiff's SSN and other collateral violates Plaintiff's secured rights under the UCC-1 Financing Statement. *Id.* ¶¶ 15-16. Count III alleges violation of SSN Privacy laws, relating to Defendants' use, sale, or distribution of Plaintiff's SSN. *Id.* ¶¶ 17-18. Count IV alleges common law copyright infringement, also relating to Defendants' use of Plaintiff's "legal fiction, personal identifiers, and SSN[.]" *Id.* ¶¶ 19-20. Plaintiff seeks total damages of $265 million. *Id.* ¶ 22.

## II.    LEGAL STANDARD

A motion for judgment on the pleadings under FED. R. CIV. P. 12(c) is subject to the "same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010). The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Id.* (internal quotations omitted). To avoid dismissal, a plaintiff must plead sufficient facts to " 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.,* 407 F.3d 690, 696 (5th Cir.2005); *see also Iqbal,* 129 S.Ct. at 1950 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

## III.    ANALYSIS

The Court finds that Plaintiff fails to allege any facts showing wrongful conduct on the part of Defendants and fails to state any claim for relief. While the Court must view all facts presented in the light most favorable to Plaintiff, the Court finds that Plaintiff's "Factual

Allegations" section does not allege any actual misconduct by Defendants. Plaintiff alleges that

he sent an "official Cease and Desist Notice" to several executives of NVNV LLC, "demanding

that Defendants cease the reporting, use, or dissemination of Plaintiff's SSN and any

unauthorized use of Plaintiff's collateral." ECF No. 1, Compl. ¶ 8. Next, Plaintiff alleges that he

"sent a Debt Verification Request" to the CFO of NVNV Funding LLC pursuant to the Fair Debt

Collection Practices Act, "requesting verification of the claimed debt." *Id.* ¶ 9. Plaintiff alleges

that "despite [that] request, Defendants continued to report the debt and Plaintiff's SSN to third

parties, violating Plaintiff's rights under federal law." *Id.*

Plaintiff also alleges that "Defendants have used Plaintiff's SSN and other identifying

information without authorization, in violation of Plaintiff's secured property interests as

established under Plaintiff's UCC-1 Financing Statement." *Id.* ¶ 10. Finally, Plaintiff alleges that

Defendants' actions "constitute a violation of Plaintiff's common law copyright protections" and

that he "has suffered significant damage to his due to incorrect and fraudulent reporting to major

credit bureaus." *Id.* ¶¶ 11, 12.

Plaintiff alleged several facts in the complaint, but none of them plausibly give rise to

liability on the parts of individual Defendants. For individual Defendants, Plaintiff never alleged

why individual Defendants should be held personally liable for corporate acts which they are not

alleged to have controlled. For the corporate Defendants, Plaintiff's complaint merely states legal

conclusions—it alleges no facts showing what would impart liability onto any of the

corporations. The Court will not credit the mere legal conclusions. Additionally, the Court

cannot identify what misconduct Plaintiff is alleging for his first three counts. Therefore, the

Court finds judgment on the pleadings is appropriate for the first three counts based on Plaintiff's

failure to plausibly allege any facts showing any Defendant could be liable.

Regarding the fourth count, the Court finds Plaintiff failed to plausibly state a claim for copyright violations. His purported "copyright" is his social security number. However, the Copyright Act of 1976 explains that copyrights extend to "original works of authorship." 17 U.S.C. § 102(a). Plaintiff has no valid copyright in his name, personal identifiers, or Social Security number. The Court finds as a matter of law that Plaintiff has no lien on his Social Security number and no copyright on his name and personal identifiers. Therefore, Plaintiff fails to state a claim for copyright infringement or violation of the Copyright Act.

## IV.    CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff take nothing in this case and that all costs are taxed against Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's claims are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED**  that, as nothing remains to resolve in this case, the Clerk's Office is respectfully directed to **CLOSE** this case and **TERMINATE** all pending motions.

**SO ORDERED.**

**SIGNED** on December 23, 2025.


_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

4