IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| PURNELL ELLIOTT WILLIAMS, | : | |
|---|---|---|
| | : | Case No. 1:25-cv-00106-ADA |
| Plaintiff, | : | |
| | : | (Judge Alan D. Albright) |
| v. | : | |
| | : | |
| LNVN LLC; RESURGENT CAPITAL SERVICES; BRIAN FALLERO; and SCOTT GUITIERREZ, | : | |
| | : | |
| Defendant(s). | : | |

## MOTION TO IMPOSE A PRE-FILING INJUNCTION

Defendants move the Court to impose a pre-filing injunction prohibiting Plaintiff from further filings in this district without prior leave of court, and in support of such motion would respectfully show the following:

### FACTS SUPPORTING THIS MOTION

Plaintiff filed this action without a factual or legal basis. He made no allegations that could have given rise to any form of liability on the part of the individual defendants, and he made frivolous, sovereign citizen-like claims based on an alleged copyright in his name and Social Security number. On December 23, 2025, the Court dismissed his claims with prejudice. However, it is not just Plaintiff's Complaint that was meritless. The docket is filled with meritless, inappropriate filings:

| ECF No. | Document Filed by Plaintiff |
|---|---|
| 15 | Reply to Defendants' Answers and Declaration of Legal Status |
| 21 | Notice of Complaint Filed with the Texas Attorney General |

-1-

| 28 | Sur-Reply to Defendants' Reply in Support of motion for judgment on the Pleadings (filed without leave of the Court) |
|----|---|
| 29 | Supplemental Notice [claiming an additional $15 million] |
| 30 | Supplemental Notice          [claiming an additional $50 million] |
| 31 | Notice of Supplemental Correspondence to Defendants Regarding Settlement Opportunity [with an attached email threatening Defendants with Plaintiff's "fee schedule"] |
| 32 | Reply to Defendants' Response to Plaintiff's Settlement Correspondence [Effectively another unauthorized sur-reply to Defendants' Rule 12(c) motion] |
| 34 | Reply to Defendants' Objection to Sur-reply [essentially yet another unauthorized sur-reply to Defendants' Rule 12(c) motion] |
| 35 | Supplemental Notice [claiming an additional $15 million] |
| 36 | Notice of Clarification Regarding Supplemental Notice |
| 37 | Notice of New Violation and Supplemental Evidence (to which Plaintiff attached an unredacted consumer report) |
| 41 | Supplement to Plaintiff's Complaint [filed without leave of the Court |
| 42 | Supplement to Complaint [also filed without leave of the Court and claiming $260,035,000 and requesting a Temporary restraining Order without and compliance with the requirements for such an order] |
| 45 | Amended Claim for Creditworthiness Harm [again filed without leave and claiming another $50 million] |

These filings were frivolous, in violation of the Federal Rules of Civil Procedure and the Local Rules of the Western District of Texas. Defendants recognize that Plaintiff is a *pro se* litigant, but this is not his "first time at the rodeo." A review of the PACER docket reveals that Plaintiff is a serial filer of frivolous suits. His vexatious litigation history includes:

- Case No. 1:12-cv-717, dismissed as frivolous by Judge Yeakel;

- Case No. 1:14-cv-760, dismissed as frivolous by Judge Yeakel;

- Case No. 1:16-cv-1302, a suit against Judge Sparks and AUSA Anthony Brown that was dismissed involuntarily by Judge Yeakel;

- Case No. 1:17-cv-913, a suit against Judge Sparks, AUSA Anthony Brown, the Department of Justice, and the United States of America that was dismissed involuntarily by Judge Pittman;

- Case No. 1:22-cv-629, which Judge Yeakel dismissed involuntarily;

- Case No. 1:23-cv-496, which Judge Pittman dismissed involuntarily;

- Case No. 1:23-cv-1069, which Judge Pittman dismissed involuntarily;

- Case No. 1:24-cv-01071, which Judge Ezra dismissed involuntarily;

Defendants ask the Court to take judicial notice of each of these cases. In Case No. 1:23-cv-1069, Judge Pittman included the following warning:

> Pursuant to the report and recommendation, Plaintiffs are warned [*3] that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiffs from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

*Williams v. Short*, No. 1:23-CV-1069-RP, 2023 U.S. Dist. LEXIS 210913, at *2-3 (W.D. Tex. Nov. 28, 2023).

Plaintiff was similarly warned by Judge Ezra:

> Given that Plaintiff has already been warned by this very Court against "filing or pursuing any further frivolous lawsuits," Plaintiff is hereby warned that future frivolous, harassing, or unconsolidated filings will result in sanctions and/or being barred from filing any new lawsuits without representation by a licensed attorney. *See, e.g., Mayfield v. Klevenhagen*, 941 F.2d 346, 348 (5th Cir. 1981) ("[Pro Se Plaintiff's] wasting of increasingly scarce judicial resources must be brought to an end."); see also Order at 2, Dkt. # 8, *Williams v. Short*, 1:23-cv-1069-RP, 2023 U.S. Dist. LEXIS 210913 (W.D. Tex. Nov. 28, 2023) (warning Williams that "filing or pursuing any further frivolous lawsuits" might result in sanctions).

*Williams v. Garcia*, No. 1:24-cv-1071-DAE, 2025 LX 276397, at *15-16 (W.D. Tex. July 9, 2025).

It is clear that these warnings had no impact. In 2025, Plaintiff filed four suits in this district, including the present one. Defendants have filed a motion for sanctions pursuant to FED. R. CIV. P. 11, but the request for a pre-filing injunction requires a separate motion, as a Rule 11 motion "must be made separately from any other motion." FED. R. CIV. P. 11(C)(2).

## ARGUMENT

> The law is well established that it is proper and necessary for an injunction to issue barring a party . . . from filing and processing frivolous and vexatious lawsuits. *Rudnicki v. McCormack*, 210 F. Supp. 905, 908-912 (D. Mass. and R.I., 1962), appeal dismissed sub nom. *Rudnicki v. Cox*, 372 U.S. 226, 9 L. Ed. 2d 714, 83 S. Ct. 679 (1963). Accord, *Clinton v. United States*, 297 F.2d 899, 901-902 (9th Cir. 1961); *Meredith v. John Deere Plow Company of Moline, Ill.*, 261 F.2d 121, 124 (8th Cir. 1958), cert. denied, 359 U.S. 909, 3 L. Ed. 2d 574, 79 S. Ct. 586 (1959). *See also Adams v. American Bar Association,* 400 F. Supp. 219, 227-228 (E.D.Penn. 1975); *Boruski v. Stewart*, 381 F. Supp. 529, 535 (S.D. N.Y. 1974*), aff'd sub nom. Boruski v. United States Government*, 493 F.2d 301 (2d Cir. 1974), [**3] appeal dismissed, 419 U.S. 808, 42 L. Ed. 2d 34, 95 S. Ct. 20 (1974).

*Gordon v. U. S. Dep't of Justice*, 558 F.2d 618, 618 (1st Cir. 1977). The Fifth Circuit has stated that "[a] district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation." *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008), citing *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986).

Pursuant to the All Writs Act, 28 U.S.C. § 1651, a district court is empowered to issue pre-filing injunctions to restrict access to the courts by

vexatious and repetitive litigants. *See Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004).

> In determining whether a prefiling injunction is substantively warranted, a court must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Id.* at 818, citing *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986); *Green v. Warden, United States Penitentiary*, 699 F.2d 364, 368-69, 370 n.8 (7th Cir. 1983); and *Pavilonis v. King*, 626 F.2d 1075, 1089-79 (1st Cir. 1980). A consideration of these factors warrants a prefiling injunction in this case.

Plaintiff's history of filing vexatious, harassing, or duplicative lawsuits is addressed above. A consideration of this factor weighs in favor of an injunction.

With regard to the second factor, Plaintiff clearly had no good faith basis for pursuing this litigation and simply pursued it to harass Defendants. His copyright claims were simply frivolous, and the "trust"[1] nonsense that he asserted, like the copyright claims, bears a clear similarity to claims that are often asserted by sovereign citizens. His claims against the individual defendants had no factual or legal basis. Most telling, however, are his damages assertions, which were so outrageous that they could have been made only to harass and extort the Defendants. This factor weighs in favor of granting an injunction.

---

[1] If Plaintiff was actually acting on behalf of a trust, he could not have lawfully filed this action, as his representation of a trust entity would have been the unauthorized practice of law.

The third factor is also most definitely present. Plaintiff's persistently improper filings impose a burden on the courts and other parties resulting from those filings. Each of the improper filings listed in the table above had to be read and analyzed. Each imposed a burden on Defendants who had to pay their counsel to determine what response, if any, was appropriate. Each imposed a burden on the Court or its law clerks to determine whether a ruling was necessary or appropriate. This factor, too, weighs in favor of an injunction.

The fourth factor is the adequacy of alternative sanctions. Plaintiff has had case after case dismissed. That has not deterred him. The court could impose monetary sanctions (as Defendants are requesting by separate motion), but Plaintiff is already in debt, and a monetary award is also unlikely to deter him. Clearly, Judge Pittman's threat of sanctions had no deterrent effect whatsoever. Neither did the Rule 11 "safe harbor" notice that was served on Plaintiff months ago. Defendants assert that nothing short of a permanent, pre-filing injunction will suffice to stop Plaintiff's frivolous and vexatious suit.

Finally, Defendants note that precedent exists in this district for the issuance of a pre-filing injunction. In *Silver v. Bemporad,* No. SA-19-CV-00284-XR, 2019 U.S. Dist. LEXIS 66036 (W.D. Tex. Apr. 18, 2019) Judge Rodriguez issued a pre-filing injunction against a similarly vexatious litigant. In that case, Dilver had been warned by Judge Biery in a prior case that he would be subject to sanctions if he continued to file frivolous claims, he would be subject to sanctions (just as Plaintiff was warned by Judge Pittman). Like Plaintiff, Silver filed yet another frivolous suit, resulting in the permanent injunction ordered by

Judge Rodriguez. Furthermore, this Court has issued such injunctions in appropriate cases. *See, e.g., Washpon v. Permanent Gen. Assurance Corp.*, No. 1:25-CV-01352-ADA-DH, 2025 LX 534095 (W.D. Tex. Nov. 10, 2025); *Kendricks v. Methodist Children's Home*, No. 6:20-cv-1006-ADA, 2021 U.S. Dist. LEXIS 208088 (W.D. Tex. Oct. 28, 2021); and *Morgan v. United States Postal Serv.*, No. 6:20-CV-00175-ADA, 2020 U.S. Dist. LEXIS 178119 (W.D. Tex. Aug. 4, 2020).

## CONCLUSION

For the foregoing reasons, Defendants assert that a permanent, prefiling injunction is necessary and appropriate. They therefore pray that the Court find Plaintiff to be a vexatious litigant and issue such an injunction permanently barring Plaintiff from filing any pleadings, motions, or other papers in this district without prior written consent of a District or Magistrate Judge.

Respectfully submitted,

/S/   Manuel H. Newburger
Manuel H. Newburger
State Bar No. 14946500
mnewburger@bn-lawyers.com
BARRON & NEWBURGER, P.C.
7320 N. MoPac Expy., Suite 400
Austin, Texas 78731
Tel: (512) 476-9103
Fax: (512) 576-9253
Attorney for Defendants

**CERTIFICATE OF CONFERENCE**

I certify that on January 2, 2025, I conferred with Plaintiff via email regarding the foregoing motion, and Plaintiff stated that he opposes the relief requested.

/S/   Manuel H. Newburger
      Manuel H. Newburger
      State Bar No. 14946500
      mnewburger@bn-lawyers.com
      BARRON & NEWBURGER, P.C.
      7320 N. MoPac Expy., Suite 400
      Austin, Texas 78731
      Tel: (512) 476-9103
      Fax: (512) 576-9253
      Attorney for Defendants

**CERTIFICATE OF SERVICE**

I certify that on January 6, 2026, a true copy of the foregoing document was served on Plaintiff via email.

/S/   Manuel H. Newburger
      Manuel H. Newburger
      State Bar No. 14946500
      mnewburger@bn-lawyers.com
      BARRON & NEWBURGER, P.C.
      7320 N. MoPac Expy., Suite 400
      Austin, Texas 78731
      Tel: (512) 476-9103
      Fax: (512) 576-9253
      Attorney for Defendants