UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **PURNELL ELLIOTT WILLIAMS,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | CIVIL NO. 1:25-CV-00106-ADA |
| § | |
| **LNVN LLC; RESURGENT CAPITIAL** § | |
| **SERVICES; BRIAN FALLERO; and** § | |
| **SCOTT GUITIERREZ,** § | |
| § | |
| **Defendants.** § | |

## ORDER

Before the Court is Defendants' Motion to Impose a Pre-Filing Injunction prohibiting Plaintiff Purnell Elliott Williams from further filings in this district without prior leave of court (Dkt. No. 51) and Defendants' Motion for Sanctions Pursuant to Rule 11 (Dkt. No. 52). The Court has reviewed the motions, responses, replies, and the facts and law relevant to this case. The Court finds that the Motion to Impose a Pre-Filing Injunction (Dkt. No. 51) should be **GRANTED** and the Motion to Impose Rule 11 Sanctions (Dkt. No. 52) should be **DENIED.**

Plaintiff has been previously warned by Judge Ezra and Judge Pittman in prior cases that he would be subject to sanctions if he filed further frivolous suits. Judge Pittman warned Mr. Williams that:

> filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiffs from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

*Williams v. Short*, No. 1:23-CV-1069-RP, 2023 U.S. Dist. LEXIS 210913, at *2-3 (W.D. Tex. Nov. 28, 2023). Several months later, Judge Ezra warned Mr. Williams that "future frivolous, harassing, or unconsolidated filings will result in sanctions and/or being barred from filing any new lawsuits without representation by a licensed attorney." *Williams v. Garcia*, No. 1:24-cv-1071-DAE, 2025 LEXIS 276397, at *15-16 (W.D. Tex. July 9, 2025).

The Court finds that this lawsuit was frivolous and that Mr. Williams has again submitted frivolous and harassing filings in this case. As discussed in the Order on Defendants' Motion for Judgment on the Pleadings, Plaintiff failed to allege any actual misconduct by Defendants and failed to state any claim for plausible relief. *See* Dkt. No. 50. After the Court entered its judgment and its analysis, Mr. Williams continued to file continuous supplemental statements in support of his claims and opposing Defendants' motion, without seeking leave of court to make further submissions as required under Local Rule 7(d). W.D. Tex. Civ. R. 7(d) ("A party may file a reply in support of a motion. Absent leave of court, no further submissions on the motion are allowed.").

The Court finds that Mr. Williams has engaged in the kind of frivolous conduct that he was warned could result in sanctions. The Court agrees with Defendants that a pre-filing injunction is appropriate in this case. Pursuant to the All Writs Act, 28 U.S.C. § 1651, a district court is empowered to issue pre-filing injunctions to restrict access to the courts by vexatious and repetitive litigants. *See Cromer v. Kraft Foods N. Am., Inc*., 390 F.3d 812, 817 (4th Cir. 2004).

In determining whether it should impose a pre-filing injunction or should modify an existing injunction to deter vexatious filings, a court must weigh all the relevant circumstances, including the following four factors: (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts

and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008).

Here, the Court finds that Mr. Williams's history of litigation—where he was twice warned by judges that further frivolous conduct would result in potential sanctions—makes the first factor support a pre-filing injunction. As to the second factor, the Court in its Order Granting Defendants' Motion for Judgment on the Pleadings discussed how Mr. Williams lacked any factual support for his claims and did not plead any wrongdoing by Defendants. Therefore, it does not appear Mr. Williams had a good faith basis for pursuing the litigation. As to the third factor, the Court finds that there has been a burden on the Court by Mr. Williams repeatedly filing supplemental briefings without leave of court as required by local rules. Finally, regarding the fourth factor, the Court finds that a pre-filing injunction is the most effective sanction, as Mr. Williams has ignored repeated warnings from judges about not engaging in frivolous litigation. Therefore, the Court finds that all factors support granting the pre-filing injunction.

But the Court does not find that it should impose Rule 11 sanctions on Mr. Williams or Angela Williams—whom Defendants claim is acting as his attorney-in-fact. The Court finds that Judge Pittman's warning implied that there will be some discretion by the Court if later sanctions were imposed, and this Court finds that the pre-filing injunction sufficiently addresses Mr. William's frivolous conduct and that Rule 11 sanctions are not necessary. A "misapplication of Rule 11 can chill counsel's 'enthusiasm and stifle the creativity of litigants in pursuing novel factual or legal theories, contrary to the intent of its framers.' " *McRae v. Am. Prot. Plans LLC*, No. 5:19-CV-945–DAE, 2021 WL 12300182 (W.D. Tex. Feb. 13, 2021) (citing *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 989 F.2d 791, 794 (5th Cir. 1993)). The Court finds that Rule 11 is not the avenue here to address Mr. Williams's frivolous conduct.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Impose a Pre-Filing Injunction (Dkt, No. 51) is **GRANTED.**

**IT IS FURTHER ORDERED** that pursuant to the Court's authority under the All Writs Act, 28 U.S.C. § 1651, Plaintiff is hereby permanently enjoined from filing any pleadings, motions, or other papers in this district—other than a Notice of Appeal—without prior written consent of a District or Magistrate Judge.

**IT IS FINALLY ORDERED** that Defendants' Motion for Sanctions Pursuant to Rule 11 (Dkt. No. 52) is **DENIED.**

It is so **ORDERED**.

**SIGNED** on January 23, 2026.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE